2013 FEB 12 PM 2:22

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CHAKIRIS,<br><br>                Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | CASE NO. 13-CV-00290 BEN<br>(Crim. Case No. 90-CR-00242 BEN-1)<br><br>**ORDER DENYING**<br>**28 U.S.C. § 2255 MOTION** |

      Petitioner Michael Chakiris has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the Motion is **DENIED**.

### BACKGROUND

      Petitioner was convicted under 18 U.S.C. § 2113 by jury trial on October 11, 1990. (Docket No. 39.) On March 5, 1991, Judge Earl B. Gilliam sentenced Petitioner to 115 months of imprisonment, followed by 3 years of supervised release. (Docket No. 56.) On March 14, 1991, Petitioner appealed his conviction and sentence. (Docket No. 58.) The Ninth Circuit affirmed the conviction and reversed the sentence. (Docket No. 67.) On February 22, 1993, Petitioner was re-sentenced to 236 months imprisonment. (Docket No. 71.) Petitioner appealed on March 1, 1993. (Docket No. 73.) On October 24, 1994, the Ninth Circuit vacated the judgment of this Court and remanded for re-sentencing. (Docket No. 87.) On July 31, 1995, Petitioner was re-sentenced to 168 months of imprisonment. (Docket No. 100.) On December 2, 1996, Petitioner was re-sentenced to 115 months of imprisonment. (Docket No. 108.) On July 6, 1998, the parties jointly recommended

that the Petitioner be re-sentenced under 28 U.S.C. § 2255, and Petitioner's sentence was reduced to 109 months of imprisonment. (Docket Nos. 116, 118.)

## DISCUSSION

Section 2255 contains a one-year statute of limitations, which was established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 124. 28 U.S.C. § 2255(f)(1). A habeas petitioner is entitled to equitable tolling of the state of limitations if he can demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted).

Here, the Petition was filed over ten years after Petitioner's most recent re-sentencing. In addition, Petitioner does not allege that he is entitled to equitable tolling. He does not allege that he has been pursuing his rights diligently or that some extraordinary circumstance stood in his way. Accordingly, the Petition is clearly barred by the applicable statute of limitations.

## CONCLUSION

Petitioner's motion is **DENIED**. The Clerk shall close case number 13-CV-00290 BEN.

**IT IS SO ORDERED.**

DATED: February 12, 2013

HON. ROGER T. BENITEZ
United States District Court Judge